# William Dougherty, Appellee, v. Illinois Steel Company, Appellant.

## Gen. No. 5340.

MASTER AND SERVANT—*effect of equal knowledge.* If a servant have equal knowledge with the master of the conditions prevailing at the place at which he is working, even if injured because of such conditions the burden is upon him to show that he did not know the danger which resulted from such conditions.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1911. Reversed. Opinion filed October 13, 1911.

GARNSEY, WOOD & LENNON, for appellant; KNAPP & CAMPBELL and WILLIAM BEYE, of counsel.

BARR, McNAUGHTON & BARR, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

William Dougherty brought suit against the Illinois Steel Company to recover damages for personal injuries alleged to have been sustained because of the negligence of the defendant. A trial before a jury was had, a verdict for $15,000 returned upon which judgment was entered, and the defendant appeals.

The appellee when hurt was in the employ of the appellant as an oiler and in the course of his work was re-required to be upon an overhead platform, which ran alongside of the overhead shafting upon which were various gearings and belts. This platform was reached by means of stationary ladders about twenty feet high and eighteen inches wide, standing substantially perpendicular. One of these ladders was constructed of iron with round rungs three fourths of an inch in diameter and about a foot apart. Behind this particular ladder and in close proximity to it ran an inch steam pipe about ten feet from the ground floor and parallel with the rungs. It is claimed by appellee that this steam pipe was negligently placed too close to the ladder and to one of the rungs and by reason thereof he was injured. Appellee had been employed as an oiler about eight months before the injury. The evidence is conflicting as to how long this ladder and steam pipe had been located as they were at the time of the injury. Appellee testified this ladder had been there from two to four weeks before he was injured, and A. Parker, a witness for appellee, testified it had been placed there between three and four weeks before the accident, while at least four witnesses testified on behalf of appellant that the iron ladder was there from two to four months. There is also a conflict in the testimony as to the location of the steam pipe with reference to the rung of the

ladder next below it.  Parker testified that the pipe was about an inch and a half east of or behind the ladder and two or three inches above the rung.  On the other hand thirteen witnesses testified the steam pipe was from four to six inches behind the ladder and seven of them that the pipe was about half way between the rungs.  It was the duty of the appellee regularly to oil the bearings upon the overhead shafting from the elevated platform, and at times to place rosin on the belts to prevent their slipping.  On the day of the accident a belt had broken and slipped off one of the pulleys; and appellee with other men had replaced the belt.  After the belt had been adjusted it slipped, and appellee went down a ladder and returned with a box of rosin.  The belt was sprinkled with rosin by appellee and he oiled some bearings.  He then threw to the ground a rope he had used in adjusting the belt, and some tools, and started down the ladder with the rosin box under one arm and when his feet had got to about the center of the ladder he tripped or slipped and fell to the floor and received the injuries complained of.  The undisputed proof is that appellee had used the ladder daily at least two or three times for from two weeks to several months.  There was nothing intricate about the ladder and pipe, and the conditions were obvious to every person using the ladder.  Every time he used this ladder he had full opportunities for observing and must have seen the steam pipe and known its location in relation to the ladder.  Appellee does not deny knowing all about the pipe and its proximity to the ladder, and if there was any danger because of its location he must be held to have assumed the risk.  If the pipe was so close to the rung as to catch his foot then he had equal knowledge with his employer of that fact, and the burden was on appellee of showing he did not know the danger.  Galloway v. C. R. I. & P. Ry. Co., 234 Ill. 474; Montgomery Coal Co. v. Barringer,

218 Ill. 327; Illinois Steel Co. v. Mann, 170 Ill. 200; Mc-Cormick Harvester Co. v. Zakzewski, 220 Ill. 522.

The clear preponderance of the evidence, however, is that the rung and pipe did not occupy such a relation to each other that his foot could be caught under the pipe, since the pipe was from four to six inches back of the ladder and about midway between the rungs, and that appellee in coming down the ladder had one hand and arm occupied carrying the box and in passing his remaining hand from one rung to another on the perpendicular ladder he slipped or lost his balance, and was injured by an assumed risk of his employment. Ladders are appliances in common use and the weight of persons using them is carried first on one foot and then on the other in either ascending or descending, and at the same time the party must use his hands to cling to the ladder and keep himself upright while going from rung to rung. It would be contributory negligence for a person descending a perpendicular ladder not to have hold of the ladder with one of his hands and one foot supporting himself all the time. If one foot was resting on the ladder and he had hold with one hand while moving the other hand and foot the appellant would not have fallen, even if the foot he was moving got caught as he claims. The fact that he had the rosin box under his arm did not excuse him from using his hand to hold himself upright on the ladder. The appellee did not use ordinary care and by his own negligence contributed to his injury. There can be no recovery in this case upon the evidence of appellee and the judgment is reversed.

*Reversed.*

Finding of fact: We find that the position of the ladder from which the appellee fell and the location of the pipe behind the ladder were plainly visible and that the ladder had often been used by appellee preceding

the time of the accident, and he is chargeable with knowledge of the condition and risk and if injured as claimed by him it was a risk which he assumed and he was not in the exercise of ordinary care and contributed to his own injury.